UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-CV-60116-RKA

DONALD G. PETROCK,

    Plaintiff,

v.

J&J TOWING, INC.,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE OF COUNT I *ONLY***

    The Plaintiff, DONALD G. PETROCK, and the Defendant, J&J TOWING, INC., file this Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal With Prejudice of Count I only, and respectfully state as follows:

    1.    Count I of this three-Count Complaint is an action filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(d), in which PETROCK sought recovery for unpaid overtime allegedly due and owing to him. J&J TOWING denied PETROCK's allegations and disputed the validity of his claims.

    2.    The parties have reached a resolution of Count I for overtime compensation pursuant to the FLSA, and entered into settlement agreement. A copy of the settlement agreement is attached hereto as Exhibit "A". Because of the nature of the plaintiff's claims under Count I, the settlement agreement requires Court approval in order to become effective. See Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352 (11th Cir. 1982).

3. In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the parties negotiated a resolution of the FLSA claims. Importantly, throughout the entirety of the resolution process, the Plaintiff was represented by counsel with experience in labor and employment law. The Defendant was also represented by competent counsel throughout this process.

4. *Fairness of Settlement:* The settlement includes a fair and reasonable amount of overtime wages, liquidated damages, payment to cover the plaintiff's attorney's fees and costs, and separate consideration for the general release, confidentiality, non-disparagement, and jury trial waiver provisions. The agreement reflects the exact amount he is receiving, as well as how much his attorney is receiving. The final four provisions are reasonable and necessary because Defendant denies Plaintiff's allegations. Nonetheless, in an effort to resolve the issues contained in Count I for overtime compensation, PETROCK has agreed to the settlement provisions contained in Exhibit "A".

5. *Reasonableness of Attorneys' Fees and Costs:* A settlement value was reached which included Plaintiff's attorneys' fees. The agreed-upon amount of attorneys' fees to Plaintiff's counsel is for the representation of Plaintiff throughout the entirety of the representation of Plaintiff through conclusion of the settlement, separate from and without regard to the amount paid to settle the FLSA claims for the Plaintiff. Defendant and its counsel stipulate to the reasonableness of the lodestar amount of fees sought by Plaintiff in this case. Plaintiff's counsel further stipulates that the settlement proceeds it receives will be

applied to attorney's fees. Accordingly, the Parties respectfully request that the Court approve the payment of the agreed-upon amount for attorney's fees set forth in the Settlement Agreement to Plaintiff's counsel.

6. Accordingly, the parties jointly request that the Court enter an Order approving the Settlement Agreement, and dismissing Count I <u>only</u> with prejudice.

Respectfully Submitted on this 22nd day of March 2021,

| | |
|---|---|
| /s/ Gina M. Cadogan | /s/ Kelly H. Kolb |
| GINA MARIE CADOGAN, Esq. | KELLY H. KOLB, Esq |
| Fla. Bar No.: 177350 | Fla. Bar No.: 343330 |
| CADOGAN LAW | BUCHANAN INGERSOLL & ROONEY, PC |
| 300 S. Pine Island Road, Ste. 107 | 401 E. Las Olas Blvd., Ste. 2250 |
| Plantation, FL 33324 | Fort Lauderdale, FL 33301 |
| Telephone: 954.606.5891 | Telephone: 954-527-9915 |
| Email: gina@cadoganlaw.com | Email: kelly.kolb@bipc.com |
| Email: kathy@cadoganlaw.com | |

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:21-CV-60116-RKA

DONALD G. PETROCK,

    Plaintiff,

v.

J&J TOWING, INC.,

    Defendant.

_____/

## SETTLEMENT AGREEMENT AND RELEASE AS TO COUNT I

This **SETTLEMENT AGREEMENT AND RELEASE** ("**Agreement**") is made and entered into by and between J&J Towing, Inc. ("**J&J**") and Donald G. Petrock ("**Petrock**") (collectively, the "**Parties**") on this ___ day of March, 2021 (the "Effective Date").

### RECITALS

WHEREAS, the Petrock was employed by J&J from on or about November 2017 to May 2019;

WHEREAS disputes have arisen between the Parties regarding Petrock's compensation while employed by J&J;

WHEREAS, Petrock filed a lawsuit against J&J styled *Donald J. Petrock v. J&J Towing, Inc.*, with the United States District Court for the Southern District of Florida, Case No. 21-CV-60116-RKA (the "**Lawsuit**"), alleging in Count I of his Complaint that J&J violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) by failing to pay overtime for all hours worked in excess of forty (40) within a workweek ("**FLSA Claim**");

WHEREAS, J&J denies all claims asserted by Petrock in the Lawsuit including the FLSA Claim; and

WHEREAS, the Parties are desirous of settling the FLSA Claim to avoid further litigation, and that the Parties have agreed to enter into this Agreement solely to resolve Petrock's FLSA Claim and avoid the expense, time, trouble, and uncertainty of further investigation and/or litigation.

NOW THEREFORE, for and in consideration of the mutual promises and agreements recited below, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, the Parties to this Agreement agree as follows:

1. **REAFFIRMATION OF RECITALS.** The foregoing recitals are complete, true and correct and are incorporated herein and made part hereof by this reference.

2. **CONDITION PRECEDENT.** This Agreement and the settlement described herein are subject to the condition precedent that this Agreement must be approved in its current form by a written order entered by the Court in the Lawsuit ("**Approval Order**"). In the absence of such an Approval Order, every part of this Agreement is null, void ab initio, unenforceable, of no force or effect, and shall have no evidentiary or other legal value. The Parties agree not to take any action to prevent or impede the entry of an Approval Order by the Court approving this Agreement, in its current form, from becoming final.

3. **SOLE AND EXCLUSIVE PAYMENT.** After the Parties execute this Agreement, after Petrock executes and returns to Defendant's counsel a signed W-9 form, after the entry of an Approval Order and after Count I of the Action is dismissed with prejudice, J&J will deliver to Petrock's counsel checks totaling the gross sum (before deductions, withholding, etc.) of Eleven Thousand Eight Hundred and Ninety-Nine Dollars and no cents ($11,899.00)] and nothing else (the "**Settlement Payment**"). The Settlement Payment will be paid within seven (7) calendar days after the latter of the events identified in this paragraph 3 and will be allocated and paid as follows:

   A. J&J will pay Petrock the gross sum of Four Thousand One Hundred Forty Six Dollars and Fifty Cents ($4,146.50), less normal and appropriate taxes and withholding, as alleged FLSA overtime wages for which J&J will issue a Form W-2 to Petrock;

   B. J&J will pay Petrock the gross sum of Four Thousand One Hundred Forty Six Dollars and Fifty Cents ($4,146.50), as alleged FLSA liquidated damages for which J&J will issue a Form 1099 to Petrock; and

   C. J&J will pay Petrock's counsel the gross sum of Three Thousand Six Hundred and Six Dollars and no cents ($3,606.00) as attorney fees and costs related to Petrock's FLSA Claim for which J&J will issue a Form 1099 to Petrock and his counsel.

Petrock acknowledges that the Settlement Payment constitutes fair and adequate compensation for the promises and covenants of the Petrock set forth in this Agreement.

4. **PETROCK'S RELEASE OF CLAIMS.** Petrock, on behalf of himself and his insurers, accountants, proxies, executors, administrators, spouse, family members, representatives, attorneys, agents, assigns, and partners, hereby irrevocably releases, holds harmless, and forever discharges J&J, as well as its current and former shareholders, owners, principals, officers, directors, partners, attorneys, agents, insurers, agents, employees, parent companies, affiliates, holding companies, subsidiaries, predecessors, successors, and assigns, in their individual and business capacities (collectively, "**Released Parties**"), jointly and severally, of and from any and all claims, losses, contracts, obligations, debts, controversies, torts, demands, causes of action,

suits, costs, judgments, liabilities, expenses and damages of any kind whatsoever, whether known or unknown, suspected or unsuspected, asserted or un-asserted, whether legal or equitable, fixed or contingent, liquidated or un-liquidated, whether based in common law, statute, contract, warranty, tort or otherwise for overtime, minimum wage or other similar claims which were asserted or could have been asserted in Count I of the Lawsuit for unpaid overtime compensation ("**Released Claim**").

5.  Nothing in this Agreement is intended to or shall be construed to waive, release, forfeit, abridge, deny, reduce, or impair Petrock's other claims in the Lawsuit. Thus, Counts II and III of the Lawsuit alleging violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. remain intact.

6.  **MEDICAID REPRESENTATIONS.** As a condition of the enforceability of this Agreement, Petrock and his counsel represent and warrant that: (i) in Count I of the Lawsuit, Petrock has not demanded or asserted any claim for past or future medical expenses or costs related to any act or omission of the Released Parties or any aspect of his employment with J&J; (ii) this Agreement shall not be construed to waive, release, forfeit, abridge, deny, reduce, or impair Petrock from collecting any amounts due to him for past or future medical expenses or costs related to any act or omission of the Released Parties or any aspect of his employment with J&J; (iii) Petrock is not currently eligible to collect, is not presently collecting, has not submitted a request for and does not reasonably anticipate submitting a request (in the next 30 months) for Medicare or Social Security Disability Insurance benefits; (iv) Petrock is under the age of 65; (v) Petrock is not currently being treated for and does not reasonably anticipate being treated in the future for kidney failure or end stage renal disease; (vi) Petrock has not been diagnosed with and has received no treatment for and does not reasonably anticipate receiving future treatment for Amyotrophic lateral sclerosis (ALS); (vii) no portion of any expenses incurred to date in connection with the claims made in the Action and settled in this Agreement have been paid, or are reasonably expected to be paid, pursuant to any health insurance program provided, or funded in whole or in part, by Medicare or Medicaid; and (viii) Petrock and his counsel are aware of no subrogation claims, liens, or claims by Governmental Entities for payment of any type of character related to any act or omission of the Released Parties or any aspect of his employment with Defendants.

7.  **TAX ISSUES.** The Parties will report, as may be required by law for income tax purposes, their respective payment and receipt of the Settlement Payment. Each Party shall bear his/its respective tax liabilities, if any, arising from this Settlement. Petrock acknowledges that the Released Parties have made no representations to him regarding the tax consequences of any amount paid pursuant to the terms of this Agreement. Petrock agrees that should the Settlement Payment be found to be subject to any additional federal or state taxes, he bears the sole and exclusive responsibility for paying such taxes, as well as any interest and penalties imposed by any governmental entity thereon.

8.  **CHOICE OF LAW/VENUE.** This Agreement shall be governed by, construed, and enforced in accordance with, and subject to, the laws of the State of Florida or federal law, where applicable. The Court in the Lawsuit shall retain continuing jurisdiction to enforce the terms of this Agreement.

9. **ENTIRE AGREEMENT.** It is expressly understood and agreed that this Agreement embodies the entire agreement between the Parties as to its subject matter and supersedes any and all prior agreements, negotiations, arrangements, or understandings between and among them relative to the Released Claims. No oral understandings, statements, promises, terms, conditions, obligations, or agreements contrary or in addition to the terms of this Agreement exist. This Agreement may not be changed by oral representations, and may only be amended by written instrument executed by a duly authorized representative of each of the Parties, or their respective successors or assigns. In making this Agreement, the Parties have not relied upon any statements, agreements, promises, arrangements, or oral understandings concerning this matter other than those, if any, expressly set forth in this Agreement.

10. **NO ADMISSION OF LIABILITY.** Petrock acknowledges that J&J denies that it violated the violated any federal, state or local statute, ordinance, rule, regulation or common law or improperly compensated him in any way. The Parties have entered into this Agreement solely to avoid the substantial costs, inconvenience and uncertainties of further litigation of Count I of the Lawsuit. The Parties agree that neither this Agreement nor any party's performance of any obligation pursuant to this Agreement is an admission of any violation by the Released Parties of any laws, including but not limited to the laws and regulations identified in Paragraph 4 above, and shall not constitute evidence of any violation of or non-compliance with any statute or law by J&J or the Released Parties.

11. **LEGAL CONSULTATION.** Petrock acknowledges that he is represented by legal counsel of his choosing and obtained legal advice from his counsel prior to executing this Agreement. To the extent not otherwise described in this Agreement, each Party shall bear his/her/its or his own costs, expert witness fees, attorneys' fees, and other expenses incurred in connection with the Action and the negotiation, preparation, and execution of this Agreement.

12. **ORIGINAL AGREEMENT.** This Agreement may be executed by the Parties in separate counterparts, each of which may be deemed to constitute an original.

13. **VOLUNTARY WAIVER OF RIGHTS.** The Petrock further acknowledges that: (i) he signed this Agreement knowingly and voluntarily, without any duress or coercion; (ii) he read and understands this Agreement in its entirety; (iii) he has consulted with an attorney of his own choosing with respect to this Agreement before signing it; and (iv) he has not been forced to sign this Agreement by anyone.

EXECUTED on this 16th day of March, 2021.

*/s/ Donald G. Petrock*
DONALD G. PETROCK

J&J TOWING, INC. by _____

9. **ENTIRE AGREEMENT.** It is expressly understood and agreed that this Agreement embodies the entire agreement between the Parties as to its subject matter and supersedes any and all prior agreements, negotiations, arrangements, or understandings between and among them relative to the Released Claims. No oral understandings, statements, promises, terms, conditions, obligations, or agreements contrary or in addition to the terms of this Agreement exist. This Agreement may not be changed by oral representations, and may only be amended by written instrument executed by a duly authorized representative of each of the Parties, or their respective successors or assigns. In making this Agreement, the Parties have not relied upon any statements, agreements, promises, arrangements, or oral understandings concerning this matter other than those, if any, expressly set forth in this Agreement.

10. **NO ADMISSION OF LIABILITY.** Petrock acknowledges that J&J denies that it violated the violated any federal, state or local statute, ordinance, rule, regulation or common law or improperly compensated him in any way. The Parties have entered into this Agreement solely to avoid the substantial costs, inconvenience and uncertainties of further litigation of Count I of the Lawsuit. The Parties agree that neither this Agreement nor any party's performance of any obligation pursuant to this Agreement is an admission of any violation by the Released Parties of any laws, including but not limited to the laws and regulations identified in Paragraph 4 above, and shall not constitute evidence of any violation of or non-compliance with any statute or law by J&J or the Released Parties.

11. **LEGAL CONSULTATION.** Petrock acknowledges that he is represented by legal counsel of his choosing and obtained legal advice from his counsel prior to executing this Agreement. To the extent not otherwise described in this Agreement, each Party shall bear his/her/its or his own costs, expert witness fees, attorneys' fees, and other expenses incurred in connection with the Action and the negotiation, preparation, and execution of this Agreement.

12. **ORIGINAL AGREEMENT.** This Agreement may be executed by the Parties in separate counterparts, each of which may be deemed to constitute an original.

13. **VOLUNTARY WAIVER OF RIGHTS.** The Petrock further acknowledges that: (i) he signed this Agreement knowingly and voluntarily, without any duress or coercion; (ii) he read and understands this Agreement in its entirety; (iii) he has consulted with an attorney of his own choosing with respect to this Agreement before signing it; and (iv) he has not been forced to sign this Agreement by anyone.

EXECUTED on this 19 day of March, 2021.

_____
DONALD G. PETROCK

_____
J&J TOWING, INC. by