IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-60116-CIV-ALTMAN/HUNT

DONALD G. PETROCK,

        Plaintiff,

vs.

J&J TOWING, INC.,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter came before the Court on the Parties' Joint Motion for Approval of Settlement Agreement. ECF No. 16. The Honorable Roy K. Altman, United States District Judge, referred this motion to the undersigned United States Magistrate Judge for a report and recommendation. ECF No. 17. This Court, having reviewed the file, considered the Motion, reviewed the Settlement Agreement, considered statements of counsel at a fairness hearing conducted on May 19, 2021, and being otherwise fully advised, hereby RECOMMENDS that the motion be GRANTED for the following reasons.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq*. ECF No. 1. Before this Court can dismiss Count I and approve a settlement of the FLSA claims, the undersigned must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the

proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, this Court reviewed the Settlement Agreement.  In scrutinizing the Settlement Agreement, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The undersigned also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel.  Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff as wages and liquidated damages and the amount designated for attorney's fees and costs.

The Court notes that this agreement has what at first appears to be a broad release of claims.  "Some judges . . . have expressed the view that a general release or confidentiality provision undermines the fairness of a settlement." *Rosado v. Superior Aircraft Servs., Inc.,* No. 613CV1727ORL28KRS, 2014 WL 12873212, at *3 (M.D. Fla. June 9, 2014), *report and recommendation adopted,* No. 6:13-CV-1727-ORL-28, 2014 WL 5280539 (M.D. Fla. June 12, 2014).  However, the final clause in the release

paragraph limits the release to "claims which were asserted or could have been asserted under Count I of the Lawsuit for unpaid overtime compensation ('Released Claim')." ECF No. 16 at 7.  The Parties likewise represented to this Court that the release was meant to be limited to claims that were or could have been brought under Count I of the current lawsuit, a representation that is supported logically by the fact that live claims remained after the settlement of this Count.  With that understanding, the undersigned finds the release narrow enough to be approved.  Accordingly, this Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, this Court reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Plaintiff's counsel represented that her work on the FLSA count alone accounted for more than 11 hours of work.  The total amount received for fees represents a compromise both under counsel's hourly rate and the hourly rate commonly approved in this District for such claims. This Court therefore finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby RECOMMENDED as follows:

(1)   The Parties' Joint Motion for Approval of Settlement Agreement, ECF No. 16, should be GRANTED, the Parties' Settlement Agreement should be APPROVED, and Count I of this case should be DISMISSED WITH PREJUDICE.

(2)   The Court should retain jurisdiction for 21 days to enforce the terms of the Settlement Agreement.

(3) Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, on May 20th, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
　　The Honorable Roy K. Altman
　　All Counsel of Record