**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-60116-CIV-ALTMAN/Hunt**

**DONALD G. PETROCK**,

    *Plaintiffs*,

v.

**J&J TOWING, INC.**,

    *Defendant*.

_____/

**ORDER**

On March 22, 2021, the parties filed a Joint Motion to Approve Settlement [ECF No. 16] (the "Motion"). On May 20, 2021, U.S. Magistrate Judge Patrick M. Hunt issued a Report and Recommendation, [ECF No. 37] (the "R&R"), finding "that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute and recommending that this Court (1) grant the Parties' Joint Motion for Approval of Settlement Agreement, (2) approve the Parties' Settlement Agreement, and (3) dismiss this action with prejudice. R&R at 3. In his R&R, Judge Hunt also warned the parties that they "may serve and file written objections to any of [Judge Hunt's] findings and recommendations" [w]ithin fourteen (14) days after being served with a copy of this Report and Recommendation[.]" No party has objected, and the time to do so has passed.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only when objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the Complaint, the record, and the applicable law and finds no clear error in the R&R. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 37] is **ADOPTED**.
2. The Joint Motion for Settlement as to Count I [ECF No. 16] is **GRANTED**.
3. The Settlement Agreement [ECF No. 16, Ex. A] is **APPROVED**.
4. Count I is **DISMISSED with prejudice**, with each party to bear its own costs and fees, except as otherwise agreed.
5. All other pending motions are **DENIED as moot**. Any pending deadlines and hearings are **TERMINATED**.
6. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of June 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record